United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSWALD MISIGARO, TDCJ #1439608, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1558 |
| BLESSING SMITH and MICHELLE NORTHCUTT, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Oswald Misigaro (TDCJ #1439608), has filed a Prisoner's Civil Rights Complaint ("Complaint") (Docket Entry No. 1), challenging the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the court's request he has also provided Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 11), which provides additional details about his claims. He has paid the filing fee. Misigaro sues Dr. Blessing Smith and Nurse Michelle Northcutt, two medical providers at the Estelle Unit. On March 26, 2024, the court entered an Order to Issue Summons, directing the Clerk to issue summons for defendant Northcutt to the plaintiff and informing the plaintiff that he was responsible for service of process on the defendant (Docket Entry No. 13). Northcutt has recently filed Defendants' Original Answer and Jury Demand (Docket Entry No. 16).

The court now considers the claim against Dr. Smith. Because Misigaro is a prisoner who seeks redress from a state government employee, the court is required to scrutinize the claims and dismiss the Complaint, or any portion of the Complaint, if it determines that the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court will dismiss the claim against Dr. Smith for the reasons explained below.

## I. Background

The facts in this section are taken from the Complaint and the Plaintiff's MDS. The court includes only those factual allegations that are relevant for the purposes of this Memorandum Opinion and Order.

Misigaro is presently incarcerated by TDCJ at the Estelle Unit in Huntsville.[1] He claims that he was denied adequate medical care by two health care providers — (1) Blessing Smith, a physician, and (2) Michelle Northcutt, a nurse.[2]

Misigaro alleges that he submitted a sick call request on October 15, 2019, seeking the result of a blood test done a few

---

[1] Complaint, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing system.

[2] Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 11, pp. 7-8.

weeks before.[3] He was concerned because of his history of sickle cell anemia.[4] He was not given the results of the blood test.[5]

On March 26, 2021, Misigaro submitted a sick call and was seen by Nurse Northcutt on March 28, 2021.[6] Misigaro told her that he was "not feeling well," that his heart was "racing," that he was "losing energy," and that his mouth was "getting dry."[7] He claims that Nurse Northcutt chastised him for "cutting in front" of others with serious medical needs and refused to do anything.[8] Nurse Northcutt told Misigaro that his dry mouth was not a "sickle cell issue," and that he needed to drink more water.[9]

Misigaro was seen in the medical department again on March 29, 2021, for the symptoms listed in his March 6, 2021, sick call request.[10] Again Nurse Northcutt dismissed him and told him that he needed to drink more water.[11]

---

[3]Complaint, Docket Entry No. 1, p. 7 ¶ 6; Plaintiff's MDS, Docket Entry No. 11, p. 4 ¶ 6.

[4]Complaint, Docket Entry No. 1, p. 7 ¶ 6.

[5]Id. at 7 ¶ 7; Plaintiff's MDS, Docket Entry No. 11, p. 5 ¶ 6(c).

[6]Complaint, Docket Entry No. 1, p. 8 ¶ 7.

[7]Id. at 8 ¶ 8.

[8]Id. ¶¶ 8, 10.

[9]Id. at 9 ¶ 11; see also Plaintiff's MDS, Docket Entry No. 11, p. 9 ¶ 8(d).

[10]Complaint, Docket Entry No. 1, p. 9 ¶ 12.

[11]Id.

On April 5, 2021, Misigaro submitted another sick call request, reporting that his symptoms were getting worse despite drinking water as instructed.[12] On April 16, 2021, Nurse Northcutt told him that he would get a "lay in" to see a provider.[13]

On April 23, 2021, Misigaro was seen by Dr. Smith.[14] By this time, Misigaro states that he was "extremely ill."[15] Misigaro alleges that Dr. Smith "refused to do any physical examination as it was told to me," but he also states that Dr. Smith prescribed him a thirty-day supply for Osmolite, a nutritional liquid supplement.[16] As he was returning to his cell, a security officer (Officer Leginald Mbowe) escorted Misigaro back to the clinic because he believed something was wrong.[17] Nurse Northcutt reportedly shouted at him that there was "nothing we can do" because he had already been seen by a provider.[18]

Misigaro returned to his cell, where he was found unresponsive on April 24, 2021.[19] He woke up two days later in the hospital from

---

[12] Id. at 9 ¶ 13.

[13] Id. at 10 ¶ 14.

[14] Id. ¶ 16.

[15] Id.

[16] Id. at 10-11 ¶¶ 16, 18; Plaintiff's MDS, Docket Entry No. 11, p. 8.

[17] Complaint, Docket Entry No. 1, p. 12 ¶ 20.

[18] Id.

[19] Id. ¶¶ 21-22.

a "coma" as the result of "diabetes ketoacidosis."[20] Misigaro accuses Nurse Northcutt and Dr. Smith of acting with deliberate indifference for failing to diagnose and treat his diabetes in April of 2021, before he went into a coma.[21]

As relief, Misigaro seeks compensatory and punitive damages and costs for the violation of his civil rights.[22]

## II. Standard of Review

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting

---

[20]Id.; see also Plaintiff's MDS, Docket Entry No. 11, p. 2 ¶ 4(a).

[21]Complaint, Docket Entry No. 1, p. 12 ¶ 22; Plaintiff's MDS, Docket Entry No. 11, pp. 8-9 ¶¶ 8(c)-(d).

[22]Complaint, Docket Entry No. 1, p. 4 ¶ VI, p. 18 ¶ 46.

Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any

"conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). To state an actionable claim for the denial of adequate medical care, a prisoner must demonstrate that prison officials violated the Eighth Amendment by acting with "deliberate indifference to a prisoner's serious illness or injury[.]" Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); see also Jones v. Texas Dep't of Criminal Justice, 880 F.3d 756, 759 (5th Cir. 2018).

The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. <u>Domino v. Texas Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference under these circumstances requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." <u>Id.</u> (citation and internal quotation marks omitted).

Misigaro alleges that Dr. Smith was deliberately indifferent to his serious medical needs on April 23, 2021. On this date, although Misigaro alleges that Dr. Smith "refused to do a physical examination as it was told to me[,]" Misigaro admits that he was seen by Dr. Smith and she prescribed him a 30-day supply of Osmolite. Although Misigaro was not satisfied by the care provided by Dr. Smith, his pleadings acknowledge that he was seen by Dr. Smith and that she prescribed him treatment in the form of Osmolite. Dr. Smith's apparent conclusion that no other medical intervention was required at the time does not amount to deliberate indifference. See <u>Campbell v. Brown</u>, 756 F. App'x 386, 389 (5th

Cir. 2018) (per curiam) ("[A] prisoner's disagreement with a particular course of treatment or a doctor's professional decision not to pursue additional treatment options [does not constitute deliberate indifference]."); Gobert, 463 F.3d at 346 (explaining that "[a] prisoner's disagreement with his medical treatment" does "not constitute deliberate indifference"); Rosales v. Walker, No. 1:10-cv-02402-GBC (PC), 2012 WL 6570894, at *3 (E.D. Cal. Dec. 17, 2012) (holding that the defendants "were not deliberately indifferent when they gave Plaintiff a visual exam although Plaintiff insisted on having an MRI"). Misigaro's allegation that Dr. Smith showed deliberate indifference to his serious medical needs by failing to diagnose and treat his diabetes and instead prescribed him a 30-day supply of Osmolite after being seen by her on April 23, 2021, sounds in malpractice or negligence, which are insufficient to state a constitutional violation. See, e.g., Pinkston v. Kuiper, 67 F.4th 237, 241 (5th Cir. 2023) ("Negligence or even medical malpractice does not independently support a prisoner's Eighth Amendment deliberate indifference claim.") (citation omitted); Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."); Delaughter v. Woodall, 909 F.3d 130, 136 (5th Cir. 2018) ("[M]ere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence,

or medical malpractice.") (citation omitted); Turk v. Thomas, 121 F. App'x 24, 25 (5th Cir. 2005) (per curiam) (holding that the plaintiff's claim that the defendants failed to diagnose and treat his broken leg sounded in malpractice and was not sufficient to state an Eighth Amendment violation).

Therefore, Misigaro's Eighth Amendment claim against Dr. Smith will be dismissed.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The claim contained in Misigaro's pleadings against Blessing Smith is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b).

2. This is an interlocutory order.

3. A separate Scheduling Order will issue on the remaining claim.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 19th day of July, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE